IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY,<br>    Plaintiff,<br><br>v.<br><br>AW Dynamometer, Inc., *et al*,<br>    Defendants. | Case No. 1:17-CV-01164-JES-JEH |

**Order**

Now before the Court are the Plaintiff, Cincinnati Insurance Company's, Motion for Default Judgment against David Koons (D. 42), [1] the Defendants', AW Dynamometer, Inc., Christopher Robinson, Jon Robinson, and Delbert Robinson (the "AW Defendants"), Response (D. 45), and the Plaintiff's Reply (D. 48). For the reasons stated, *infra*, the Plaintiff's Motion is DENIED.

The Plaintiff brought their suit for declaratory judgment in April 2017. (D. 1; D. 22). The Plaintiff argues that it is entitled to a declaration from the Court that the insurance policies it issued to AW Dynamometer do not obligate the Plaintiff to defend or indemnify the AW Defendants, or the remaining Defendants in this suit—DCMJ, Inc. and David Koons—in a suit brought against the Defendants in Emmet County, Iowa (*Dyno Tech Services, LLC, et al v. AW Dynamometer, Inc., et al.*, Emmet Co., Iowa, No. LACV019262). *Id*. All of the Defendants, with the exception of Koons, filed a joint Answer, Affirmative Defense, and Counterclaim (D. 28), to which the Plaintiff filed an Answer (D. 32).

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

1

Koons was served with a copy of the Complaint on November 9, 2017. (D. 33). To date, he has failed to plead or otherwise defend the claims against him. On December 6, 2017, the Plaintiff filed a Motion for Entry of Default against Koons. (D. 36). The Court requested sufficient proof of service from the Plaintiff before ruling on the Motion. (See the Court's December 21, 2017 text order). The Plaintiff submitted supplemental proof (D. 40), the Court granted the Plaintiff's Motion for Entry of Default against Koons, and the Clerk entered default. (See the Court's January 17, 2018 and January 18, 2018 text orders).

The Plaintiff filed the instant Motion on January 31, 2018, seeking default judgment against Koons. (D. 42). The Plaintiff specifically asks the Court to find that Koons is not an insured under the insurance policies which the Plaintiff issued to AW Dynamometer, and claims that there is no potential for inconsistent judgments if the Court does so. *Id*. at pg. 1-2. The AW Defendants assert that such a finding will run the risk inconsistent judgments and is actually tantamount to this Court determining that the allegations in the underlying Iowa lawsuit allege conduct outside the scope of Koon's alleged employment with AW Dynamometer. (D. 45).

As noted previously, the Plaintiff is also seeking a declaratory judgment against the AW Defendants in this case. The Court could, potentially, find that the AW Defendants are successful on the merits. This creates the potential for a default judgment against Koons that is logically inconsistent with the Court's subsequent finding. Under such a scenario, the Court will have found that the Plaintiff simultaneously does and does not have a duty to defend and indemnify under the terms of its insurance policy.

In order to avoid the risk of inconsistent findings, the Court declines to enter default judgment against Koons at this time. This is consistent with a prior ruling in the Central District involving the Plaintiff, which the AW Defendants cited in their Response. *Cincinnati Insurance*

*Co. v. Heitbrink*, No. 3:15-CV-03352, 2017 WL 349312, at *2 (C.D. Ill. Jan. 24, 2017) (citing, *inter alia*, *Marshall & Ilsley Trust Co. v. Pate*, 819 F.2d 806, 812 (7th Cir. 1987); *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 256 n.6 (7th Cir. 2016)). These cases make clear that it is within the Court's discretion to delay ruling on an entry of default judgment until the matter has otherwise been fully resolved. In fact, the Plaintiff acknowledges the same. (D. 43 at pg. 9); (D. 48 at pg. 4). Therefore, the Plaintiff's Motion is DENIED without prejudice, with leave to refile when the matter against the remaining Defendants has been resolved.

For the reasons stated, *supra*, the Plaintiff's Motion for Default Judgment against Koons (D. 42) is DENIED. The entry of default against Koons remains in effect. The Plaintiff may renew its Motion for Default Judgment when the issues against the AW Defendants have reached a resolution.

*It is so ordered.*

Entered on February 22, 2018

s/ James E. Shadid
James E. Shadid
U.S. Chief District Judge